IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA<br>                         Plaintiff<br>v.<br><br>REAL PROPERTY LOCATED AT 9227<br>PINEHAVEN DRIVE, DALLAS, TEXAS;<br>REAL PROPERTY LOCATED AT 9636<br>GLENGREEN DRIVE, DALLAS, TEXAS;<br>REAL PROPERTY LOCATED AT 9424 CEDAR<br>RUN DRIVE, DALLAS, TEXAS;<br>REAL PROPERTY LOCATED AT 7610<br>CONCORDIA LANE, DALLAS, TEXAS;<br>REAL PROPERTY LOCATED AT 4104 O.B.<br>CROWE DRIVE, DALLAS, TEXAS;<br>REAL PROPERTY LOCATED AT 7514 RICE<br>LANE, DALLAS, TEXAS;<br>REAL PROPERTY LOCATED AT 9804<br>WHISTLER DRIVE, DALLAS, TEXAS<br>                         Defendants *In Rem.* | Civil No.   3:14-CV-3265 |

VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by its undersigned attorney, Sarah R. Saldana,

U.S. Attorney for the Northern District of Texas, and Brian D. Poe, Assistant United States

Attorneys, brings this complaint and alleges as follows in accordance with Supplemental

Rule G(2) of the Federal Rules of Civil Procedure:

NATURE OF THE ACTION

1.      This is an action to forfeit property to the United States pursuant to 18 U.S.C.

§ 981(a)(1)(A) and 31 U.S.C. § 5317(c)(2).

## THE DEFENDANT PROPERTY

2.     The defendant property consists of the following property:

a.   The real property located at 9227 Pinehaven Drive, Dallas, Dallas County, Texas, more specifically described as Lot 19, in Block E/6787, of Cedar Run Addition, Phase I, an addition to the City of Dallas, Dallas County, Texas, according to the Map or Plat thereof recorded in Volume 85181, Page 6636, Map Records, Dallas County, Texas;

b.   The real property located at 9636 Glengreen Drive, Dallas, Dallas County, Texas, more specifically described as being Lot 9, Block 4/67134, of St. Augustine Park Estates No. 2 Revised, an addition to the City of Dallas, Dallas County, Texas, according to the Map or Plat thereof recorded in Volume 71224, page 2223, Map Records, Dallas County, Texas;

c.   The real property located at 9424 Cedar Run Drive, Dallas, Dallas County, Texas, more specifically described as Lot 19, Block H/6787 of Cedar Run Addition, Phase II, an addition to the City of Dallas, Dallas County, Texas, according to the Map or Plat thereof recorded in Volume 86077, Page 5704, Map Records, Dallas County, Texas;

d.   The real property located at 7610 Concordia Lane, Dallas, Dallas County, Texas, more specifically described as being Lot 33 in Block T/6629 of Wisdom Terrace Addition, Phase 3, an addition to the City of Dallas, Dallas County, Texas according to Plat thereof recorded in Volume 2002009, Page 61of the Map Records of Dallas County, Texas;

e.   The real property located at 4104 O B Crowe Drive, Dallas, Dallas County, Texas, more specifically described as Lot Thirty (30), Block L/6787, Cedar Run Addition Phase II, an addition to the City of Dallas, Dallas County, Texas, according to the Plat recorded in Volume 86077, Page 5704, Map/Plat Records, Dallas County, Texas;

f.   The real property located at 7514 Rice Lane, Dallas, Dallas County, Texas, more specifically described as Lot 9, Block A, Wisdom Terrace Addition, Phase 5, an addition to the City of Dallas, Dallas County, Texas, according to Map or Plat thereof recorded in Volume 2004001, Page 224, of the Map/Plat Records of Dallas County, Texas; and

g.   The real property located at 9804 Whistler Drive, Dallas, Dallas County, Texas, more specifically described as Lot 4, Block 9/8483, Brierwood Heights, Phase 2, an Addition to the City of Dallas, Dallas County, Texas,

according to the Plat thereof recorded in Volume 2004175, Page 30, Map Records, Dallas County, Texas.

## JURISDICTION AND VENUE

3.      The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ l345 and 1355(a), since this is a forfeiture action commenced by the United States of America.

4.      The court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b).

5.      Venue is proper in this district under 28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in this district.

## LOCATION OF DEFENDANT PROPERTY

6.      The defendant property described as real property has not been seized.   In lieu of seizure of the real property described in the paragraphs above, the government has filed a lis pendens on these properties, as provided in 18 U.S.C. § 985.

## BASIS FOR FORFEITURE

### Introduction

8.      Linda Nell Fantroy is a Dallas resident and is employed by the Dallas Independent School District.

9.      Fantroy maintains the following bank accounts at Credit Union of Texas:

   a.   Account ending in 3320 S1 ("CU3320 S1") in the name of Linda N. Fantroy; and

   b.   Account ending in 3320 S7.1 ("CU3320 S7.1") in the name of Linda N. Fantroy.

10.     Fantroy has sole signatory authority for both of the above mentioned accounts.

Structuring Activity

11.     Between January 1, 2007 and October 23, 2013, Fantroy received direct deposits from the Dallas Independent School District (DISD payroll) and the Texas Comptroller Teacher Retirement System of Texas (TRS Annuity) each month.

12.     Between January 1, 2007, and November 30, 2009, Fantroy had a total of 10 currency deposits totaling $6,270.00 into her Credit Union of Texas accounts.

13.     Beginning in December 2009, the currency deposits into the accounts controlled by Fantroy increased dramatically.

14.     From December 1, 2009, to August 31, 2013, over $440,000.00 in currency was deposited into Fantroy's accounts in 94 separate transactions.

15.     Each of the 94 currency deposits were under the $10,000.01 Currency Transaction Report ("CTR") reporting threshold.

16.     Each of the 94 currency deposits were in even-dollar amounts, except for one.

17.     The source of Fantroy's $440,000 in currency, which was deposited into her accounts, is unknown.

18.     In what appears to be an attempt to avoid the CTR reporting requirements, there are several instances where structured cash deposits were made on consecutive banking days.   Examples of this activity include:

    a.  Between May 24, 2010, and May 27, 2010, four cash deposits were made, each in the amount of $5,000.00;

    b.  Between March 15, 2011, and March 19, 2011, five separate cash deposits were made on consecutive days, each in the amount of $6,000.00;

    c.  Between October 5, 2011, and October 8, 2011, four separate cash deposits were made on consecutive days, each in the amount of $9,000.00.

19.    From January 2007 to August 31, 2013, there were no CTRs generated by banking officials for cash deposits made in excess of $10,000.00 into Fantroy's Credit Union of Texas accounts.

20.    The only CTR filed by the Credit Union of Texas regarding Fantroy between January 2007 and August 31, 2013, corresponded to a total cash withdrawal on August 15, 2012, in the amount of $40,137.

21.    During the same review period from January 2007 to August 31, 2013, PLS Check Cashers filed two CTRs on Fantroy for the purchase of negotiable instruments with cash. These include:

    a.  $33,000.00 worth of negotiable instruments purchased by Fantroy on May 30, 2007, with cash; and

    b.  $10,000.00 worth of negotiable instruments purchased by Fantroy on October 9, 2009, with cash.

22.    The majority of the structured funds deposited in Fantroy's accounts from December 2009 through August 2013 were utilized to purchase seven residential properties located in the Dallas metroplex area.

## Credit Union of Texas CU3320 (S1)

23.     From December 5, 2009, to June 8, 2013, approximately 76 separate currency deposits were made into the CU3320 (S1) totaling $420,234.43.

24.     Of the 76 separate currency deposits, not a single currency deposit exceeded $10,000.00.

25.     69 of the 76 currency deposits made into CU3320 (S1) between December 5, 2009, to June 8, 2013, were structured to avoid the CTR reporting requirements.   These deposits resulted in $411,525.43 in structured funds.

26.     On December 5, 2009, $18,000.00 in structured funds was transferred into CU3320 (S1) from CU3320 (S7.1); these funds were traced to structured funds using the lowest intermediate balance rule.

27.     On December 9, 2009, $5,000.00 in structured fund was transferred into CU3320 (S1) from CU3320 (S7.1); these funds were traced to structured funds using the lowest intermediate balance rule.

28.     On March 2, 2010, $2,350.00 was transferred into CU3320 (S1) from CU3320 (S7.1); $2,000.00 of these funds was traced to structured funds using the lowest intermediate balance rule.

29.     On April 7, 2010, Cashier's Check #1020510 was purchased using funds from CU3320 (S1), payable to Stewart Title North Texas in the amount of $43,875.24 for the real property located at 9227 Pinehaven, Dallas, Texas; the $43,875.24 was traceable to structured funds using the lowest intermediate balance rule.

30.     On April 8, 2010, Cashier's Check #1020522 was purchased using funds from CU3320 (S1), payable to LSI Title in the amount of $5,000.00 for the real property located at 9636 Glengreen, Dallas, Texas; the $5,000.00 was traceable to structured funds using the lowest intermediate balance rule.

31.     On April 29, 2010, Cashier's Check #1020810 was purchased using funds from CU3320 (S1), payable to LSI Title in the amount of $26,455.31 for the real property located at 9636 Glengreen, Dallas, Texas; of the $26,455.31, $21,124.76 was traceable to structured funds using the lowest intermediate balance rule.

32.     On June 1, 2010, $5,000.00 in structured funds was transferred into CU3320 (S1) from CU3320 (S7.1); these funds were traced to structured funds using the lowest intermediate balance rule.

33.     On June 29, 2010, Cashier's Check #1021684 was purchased using funds from CU3320 (S1), payable to Coldwell Banker in the amount of $5,000.00 for the real property located at 9424 Cedar Run, Dallas, Texas; the $5,000.00 was traceable to structured funds using the lowest intermediate balance rule.

34.     On July 13, 2010, Cashier's Check #1021855 was purchased using funds from CU3320 (S1), payable to LSI Title in the amount of $38,535.20 for the real property located at 9424 Cedar Run, Dallas, Texas; the $38,535.20 was traceable to structured funds using the lowest intermediate balance rule.

35.     On June 7, 2011, Cashier's Check #1072293 was purchased using funds from CU3320 (S1), payable to HUD in the amount of $500.00 for the real property located

at 7610 Concordia Lane, Dallas, Texas; the $500.00 was traceable to structured funds using the lowest intermediate balance rule.

36.    On August 8, 2011, Cashier's Check #1073034 was purchased using funds from CU3320 (S1), payable to HUD in the amount of $48,715.86 for the real property located at 7610 Concordia Lane, Dallas, Texas; the $48,715.86 was traceable to structured funds using the lowest intermediate balance rule.

37.    On March 12, 2012, Cashier's Check #6100000386 was purchased using funds from CU3320 (S1), payable to Title Company in the amount of $3,000.00 for the real property located at 4104 O B Crowe Drive, Dallas, Texas; the $3,000.00 was traceable to structured funds using the lowest intermediate balance rule.

38.    On March 23, 2012, Cashier's Check #6100000543 was purchased using funds from CU3320 (S1), payable to Farris Law Group in the amount of $2,600.00 for the real property located at 7514 Rice Lane, Dallas, Texas; the $2,600.00 was traceable to structured funds using the lowest intermediate balance rule.

39.    On April 11, 2012, Cashier's Check #6100000798 was purchased using funds from CU3320 (S1), payable to Texas Pioneer Title Agency in the amount of $57,214.52 for the real property located at 4104 O B Crowe Drive, Dallas, Texas; the $57,214.52 was traceable to structured funds using the lowest intermediate balance rule.

40.    On April 18, 2012, there was a wire transfer of funds from CU3320 (S1), payable to First American Title Company in the amount of $51,276.10 for the real property located at 7514 Rice Lane, Dallas, Texas; the $51,276.10 was traceable to structured funds using the lowest intermediate balance rule.

41.     On July 30, 2013, Cashier's Check #6100007051 was purchased using funds from CU3320 (S1), payable to Chicago Title in the amount of $1,000.00 for the real property located at 9804 Whistler Drive, Dallas, Texas; the $1,000.00 was traceable to structured funds using the lowest intermediate balance rule.

42.     On August 27, 2013, Cashier's Check #6100007473 was purchased using funds CU3320 (S1), payable to Chicago Title in the amount of $57,737.29 for the real property located at 9804 Whistler Drive, Dallas, Texas; of the $57,737.29, $57,592.16 was traceable to structured funds using the lowest intermediate balance rule.

43.     This account appears to have been used primarily for receiving structured currency deposits and funds and then purchasing real property with the proceeds.

**Credit Union of Texas CU3320 (S7.1)**

44.     From December 9, 2009 to April 29, 2013, 18 separate currency deposits totaling $23,381.00 were made into CU3320 S7.1, and no single currency deposit exceeded $10,000.00.

45.     From December 9, 2009 to April 29, 2013, four separate currency deposits were structured into the account totaling $17,000.00 and no single currency deposit exceeded $10,000.00.

46.     In addition to the structured currency deposits, the account also received money orders deposited into the account which were purchased in amounts under the reporting requirement.

47.     On November 9, 2009, three separate money orders, all in the amount of $3,000.00 and sequentially numbered (#839834, #839835 and #839836), were deposited into CU3320 (S7.1). All three money orders were purchased on October 9, 2009 from PLS.

48.     On November 18, 2009, four separate money orders totaling $5,000.00 were deposited into CU3320 (S7.1). Two of the money orders were purchased from PLS on October 10, 2009, in the amount of $1,000.00 and sequentially numbered (#247799 and #247800). The other two money orders were both purchased from PLS on consecutive days, November 7 and 8, 2009, and both in the amount of $1,500.00.

49.     On November 25, 2009, three separate money orders totaling $4,000.00 were deposited into CU3320 (S7.1). Two of the money orders were in the amount of $1,500.00 and sequentially numbered (#247483 and #247484). The third money order was in the amount of $1,000.00 and was sequentially numbered (#839837) with the money orders deposited into the account on November 9, 2009.

50.     On December 5, 2009, $18,000.00 was transferred from CU3320 (S7.1) into CU3320 (S1); these funds were traced to structured funds using the lowest intermediate balance rule.

51.     On December 9, 2009, $5,000.00 was transferred from CU3320 (S7.1) into CU3320 (S1); these funds were traced to structured funds using the lowest intermediate balance rule.

52.     On March 2, 2010, $2,350.00 was transferred from CU3320 (S7.1) into CU3320 (S1); $2,000.00 of these funds was traced to structured funds using the lowest intermediate balance rule.

**Complaint for Forfeiture – Page 10**

53.     On June 1, 2010, $5,000.00 was transferred from CU3320 (S7.1) into CU3320 (S1); these funds were traced to structured funds using the lowest intermediate balance rule.

### 9227 Pinehaven Drive

54.     9227 Pinehaven Drive was purchased by Fantroy for $45,000.00, pursuant to a sales contract signed by Fantroy and executed on February 9, 2010.

55.     On February 15, 2010, $1,000.00 earnest money, in the form of a check (#3352) drawn on CU3320 (S7.1) was credited towards the property. These funds are not traceable to structured funds.

56.     On April 9, 2010, the sale was closed at Stewart Title North Texas Division; Stewart Title received a cashier's check (#1020510) for $43,875.24; the $43,875.24 was traceable to structured funds from CU3320 (S1).

57.     A warrant deed was filed in Dallas County on April 14, 2010, listing Fantroy as the owner of 9227 Pinehaven Drive, Dallas, Dallas County, Texas.

58.     9227 Pinehaven Drive, Dallas, Texas, is subject to forfeiture to the United States because the property is involved in, or are traceable to property involved in, structuring, or a conspiracy to structure, in violation of 31 U.S.C. § 5324(a).   31 U.S.C. § 5317(c)(2) makes such property subject to forfeiture.

### 9636 Glengreen Drive

59.     On April 30, 2010, Fantroy purchased the real property known as 9636 Glengreen Drive, Dallas, Dallas County, Texas from Deutsche Bank National Trust

Company for $31,400.00, pursuant to a sales contract signed by Fantroy and executed on April 5, 2010.

60.     On April 9, 2010, Fantroy paid $5,000.00 earnest money towards the property with a check (#3323); the $5,000.00 was traceable to structured funds from CU3320 (S1).

61.     On April 30, 2010, the sale was closed at LSI Title with Fantroy presenting a cashier's check (#1020810) for $26,455.31; of the $26,455.31, $21,124.76 was traceable to structured funds from Fantroy's CU3320 (S1) account.

62.     A special warranty deed was electronically recorded on May 11, 2010, listing Fantroy as the Grantee, (owner) of the real property known as 9636 Glengreen Drive, Dallas, Dallas County, Texas.

63.     9696 Glengreen Drive, Dallas, Texas, is subject to forfeiture to the United States because the property is involved in, or are traceable to property involved in, structuring, or a conspiracy to structure, in violation of 31 U.S.C. § 5324(a).   31 U.S.C. § 5317(c)(2) makes such property subject to forfeiture.

### 9424 Cedar Run Drive

64.     Fantroy purchased the real property known as 9424 Cedar Run Drive, Dallas, Dallas County, Texas from HSBC Mortgage Services Inc. for $44,000.00, pursuant to a sales contract signed by Fantroy and executed on June 28, 2010.

65.     On June 29, 2010, Fantroy paid $5,000.00 earnest money towards the property with a cashier's check (#1021684); the $5,000.00 was traceable to structured funds from CU3320 (S1).

66.     On July 14, 2010, the sale was closed at LSI Title where Fantroy presented a cashier's check (#1021855) for $38,535.20; the $38,535.20 was traceable to structured funds from CU3320 (S1).

67.     A special warranty deed was electronically filed on July 20, 2010, listing Fantroy as the Grantee, (owner) of the real property known as 9424 Cedar Run Drive, Dallas, Dallas County, Texas.

68.     9424 Cedar Run Drive, Dallas, Texas, is subject to forfeiture to the United States because the property is involved in, or are traceable to property involved in, structuring, or a conspiracy to structure, in violation of 31 U.S.C. § 5324(a).   31 U.S.C. § 5317(c)(2) makes such property subject to forfeiture.

### 7610 Concordia Lane

69.     Fantroy purchased the real property known as 7610 Concordia Lane, Dallas, Dallas County, Texas, from the Secretary of Housing and Urban Development, of Washington, D.C.. The property was purchased by Fantroy for $50,000.00, pursuant to a sales contract signed by Fantroy and accepted on June 9, 2011.

70.     On June 13, 2011, Fantroy paid $500.00 earnest money towards the property with a cashier's check (#1072293); the $500.00 was traceable to structured funds from CU3320 (S1).

71.     On August 8, 2011, the sale was closed at Hanszen Laporte, LLP, HUD Closing Agent, where Fantroy presented Hanszen Laporteer's with a cashier's check (#1073034) for $48,715.86; the $48,715.86 was traceable to structured funds from CU3320 (S1).

72.     A special warrant deed (Cash) was filed in Dallas County on August 10, 2011, listing Fantroy as the owner of the real property known as 7610 Concordia Lane, Dallas, Dallas County, Texas.

73.     7610 Concordia Lane, Dallas, Texas, is subject to forfeiture to the United States because the property is involved in, or are traceable to property involved in, structuring, or a conspiracy to structure, in violation of 31 U.S.C. § 5324(a).   31 U.S.C. § 5317(c)(2) makes such property subject to forfeiture.

**4104 O.B. Crowe Drive**

74.     Fantroy purchased the real property known as 4104 O B Crowe Drive, Dallas, Dallas County Texas from LPP Mortgage, LTD. The property was purchased by Fantroy for $62,000.00, (cash sale) pursuant to a purchase and sales agreement signed by Fantroy on March 11, 2012.

75.     On March 12, 2012, Fantroy paid $3,000.00 earnest money towards the property with a cashier's check, (#6100000386); the $3,000.00 was traceable to structured funds from Fantroy's CU3320 (S1) account.

76.     On April 12, 2012, the sale was closed at Texas Pioneer Title Agency; Texas Pioneer Title Agency received a cashier's check (#6100000798) in the amount of $57,214.52 for the real property located at 4104 O B Crowe Drive, Dallas Texas; the $57,214.52 was traceable to structured funds from Fantroy's CU3320 (S1) account.

77.     A special warrant deed (Cash Deed) was electronically recorded on April 16, 2012, listing Fantroy as the Grantee, (owner) of the real property known as 4104 O B Crowe Drive, Dallas, Dallas County, Texas.

78.     4104 O B Crowe Drive, Dallas, Texas, is subject to forfeiture to the United States because the property is involved in, or are traceable to property involved in, structuring, or a conspiracy to structure, in violation of 31 U.S.C. § 5324(a).   31 U.S.C. § 5317(c)(2) makes such property subject to forfeiture.

### 7514 Rice Lane

79.     Fantroy purchased the real property known as 7514 Rice Lane, Dallas, Dallas County, Texas from Deutsche Bank National Trust Company. The property was purchased by Fantroy for $53,914.00, pursuant to a Purchase and Sales Agreement dated March 22, 2012.

80.     On April 2, 2012, Fantroy paid $2,600.00 earnest money towards the property with a cashier's check, (#6100000543); the $2,600.00 was traceable to structured funds from Fantroy's CU3320 (S1) account.

81.     On April 17, 2012, the sale was closed at First American Title Company, Farris Law Group.

82.     On April 18, 2012, there was a wire transfer of funds from Fantroy's CU3320 (S1) account, payable to First American Title Company in the amount of $51,276.10 for the real property located at 7514 Rice Lane, Dallas, Texas; the $51,276.10 was traceable to structured funds from Fantroy's CU3320 (S1) account.

83.     A special warrant deed dated April 11, 2012, was filed listing Fantroy as the Grantee, (owner) of the real property known as 7514 Rice Lane, Dallas, Dallas County, Texas.

84.     7514 Rice Lane, Dallas, Texas, is subject to forfeiture to the United States because the property is involved in, or are traceable to property involved in, structuring, or a conspiracy to structure, in violation of 31 U.S.C. § 5324(a).   31 U.S.C. § 5317(c)(2) makes such property subject to forfeiture.

**9804 Whistler Drive**

85.     Fantroy purchased the real property known as 9804 Whistler Drive, Dallas, Dallas County Texas from Bank of America, N.A. The property was purchased by Fantroy for $60,104.00, pursuant to a Purchase and Sales Agreement executed July 25, 2013.

86.     On July 31, 2013, Fantroy paid $1,000.00 earnest money towards the property with a cashier's check, (#6100007051); the $1,000.00 was traceable to structured funds from Fantroy's CU3320 (S1) account.

87.     On August 29, 2013, the sale was closed at Chicago Title; Chicago Title received a cashier's check (#6100007473) for $57,737.29 for the real property located at 9804 Whistler Drive, Dallas, Texas; of the $57,737.29, $57,592.16 was traceable to structured funds from Fantroy's CU3320 (S1) account.

88.     A special warrant deed was electronically recorded on September 4, 2013, listing Fantroy as the Grantee, (owner) of the real property known as 9804 Whistler Drive, Dallas, Dallas County, Texas.

89.     9804 Whistler Drive, Dallas, Texas, is subject to forfeiture to the United States because the property is involved in, or are traceable to property involved in, structuring, or a conspiracy to structure, in violation of 31 U.S.C. § 5324(a).   31 U.S.C. § 5317(c)(2) makes such property subject to forfeiture.

RELIEF REQUESTED

90.     The United States requests that the defendant property be forfeited to the

United States, that the plaintiff be awarded its costs and disbursements in this action, and

any further relief this Court deems proper and just.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

/s/ Brian D. Poe
BRIAN D. POE
Assistant United States Attorney
Texas State Bar No. 24056908
1100 Commerce St., Suite 300
Dallas, Texas   75242
Telephone:   214.659.8670
Facsimile:   214.659.8803
Email:       brian.poe@usdoj.gov

## VERIFICATION OF COMPLAINT

I, Robert Starr, declare under penalty of perjury that the following is true and correct to the best of my knowledge.

I am a Task Force Officer with the Internal Revenue Service Criminal Investigations, and I have been assigned to assist in the forfeiture of the defendant property. I have read the foregoing Complaint for Forfeiture *In Rem* and know its contents. The information contained in the Complaint for Forfeiture *In Rem* has been furnished from official government sources and, based on information and belief, the allegations contained in the Complaint for Forfeiture *In Rem* are true and correct.

Date: <u>September 10, 2014</u>

ROBERT STARR
Task Force Officer
Internal Revenue Service – Criminal
Investigation